**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.  06-50140 |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DUANE WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Reinstate Appeal (Record Document 38) filed by the defendant, Duane Williams ("Williams").  Williams asks the Court to reinstate his direct appeal and to appoint counsel to represent him in the appellate process.  See id. at 1.

The Government opposed the motion, arguing this Court does not have jurisdiction or authority to consider the instant request for relief.  See Record Document 39 at 3.  More specifically, the Government contends that pursuant to Fifth Circuit Rule 27.1.6,[1] it is the Court of Appeals and not this Court that has the power to reinstate appeals.  See id. Alternatively, the Government maintains that the instant motion is an out of time motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  See id. at 3-9.

The Government has submitted the docket sheet from United States of America v. Duane Williams, 07-30513, United States Court of Appeals for the Fifth Circuit.  See id., Exhibit A.  The docket sheet reflects that Williams filed a Notice of Appeal and his direct

---

[1]Fifth Circuit Rule 27.1 provides:

Clerk May Rule on Certain Motions.  Under FED. R. APP. P. 27(b), the clerk has discretion to act on, in accordance with the standards set forth in the applicable rules, or to refer to the court, the procedural motions listed below. The clerk's action is subject to review by a single judge upon a motion for reconsideration made within the 14 or 45 day period set by FED. R. APP. P. 40.

27.1.6 To reinstate appeals dismissed by the clerk.

criminal case was docketed on June 18, 2007. <u>See id.</u> On July 25, 2007, the Fifth Circuit Clerk of Court dismissed the appeal pursuant to Local Rule 42 (failure to order transcript, make financial arrangement with court reporter and pay docketing fee). <u>See id.</u> On February 25, 2008, approximately seven months later, Williams filed a motion to reinstate his appellate case. <u>See id.</u> The motion was denied on February 27, 2008. <u>See id.</u>

The Court agrees that it lacks jurisdiction to consider Williams' Motion to Reinstate Appeal. Williams sought relief from the proper court, the United States Court of Appeals for the Fifth Circuit, and his relief was denied.

The Court further agrees that a Section 2255 motion is likely the proper procedural vehicle for Williams to pursue the allegations against his attorney[2] and to file an out of time direct appeal. However, the Court declines to re-characterize the instant motion as a motion filed pursuant to 28 U.S.C. § 2255. Williams is free to file a Section 2255 motion and may request Section 2255 forms from the Clerk of Court.

While the Government argues that any Section 2255 motion filed in this matter would be untimely, the Court will not make a timeliness finding at this time. The timeliness of a Section 2255 motion must be determined after it is actually filed. <u>See</u> <u>U.S. v. Leon</u>, 203 F.3d 162, 164 (2nd Cir. 2000) (A federal court "lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed."); <u>see also</u> <u>U.S. v. Callahan</u>, No. 03-30244, 2003 WL 21554914, **1 (5th Cir. July 9, 2003). Here, because Williams

---

[2]Williams alleges that he informed his attorney that neither he nor his family could pay for his appeal. <u>See</u> Record Document 38 at 1. He contends that his attorney should have informed the district court of his financial situation, thus resulting in appointment of counsel for his direct appeal. <u>See id.</u> Such allegations, which are classified as ineffective assistance of counsel claims, are proper for a Section 2255 motion.

has not filed a Section 2255 petition, there is no case or controversy within the meaning of Article III of the United States Constitution currently before the Court.  <u>See id.</u>  Any opinion rendered as to the timeliness of Williams' Section 2255 motion would be merely advisory and this Court lacks the power to render advisory opinions.  <u>See id.</u>

Accordingly,

**IT IS ORDERED** that the Motion to Reinstate Appeal (Record Document 38) filed by the defendant, Duane Williams, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 30th day of June, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE